UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHRISTOPHER PARTLOW,

                                      Plaintiff,

-against-

CITY OF NEW YORK, FAVIO QUIZHPI, Individually, and
SALVATORE MELORE, Individually,

                                      Defendants.

**AMENDED COMPLAINT**

15 CV 3443 (CBA)(MDG)

Jury Trial Demanded

------------------------------------------------------------------------X

       Plaintiff CHRISTOPHER PARTLOW, by his attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6. Plaintiff CHRISTOPHER PARTLOW is a 30-year-old African American male who resides in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, FAVIO QUIZHPI and SALVATORE MELORE were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On March 16, 2014, at approximately 8:30 p.m., plaintiff CHRISTOPHER PARTLOW was lawfully present outside his girlfriend Angela Lucas's residence, Apartment 4A on the fourth floor of 701 Gates Avenue, Brooklyn, New York.

13. PARTLOW had spent the previous night in Ms. Lucas's apartment. He awoke on March 16, 2014, went to work, and at approximately 8:30 p.m., was returning back to the apartment to be with Ms. Lucas as they had previously planned.

14. As PARTLOW was about to enter the apartment, he heard a loud noise coming from the stairway, which was located near Apartment 4A. He turned towards the noise and saw the door to the stairway open abruptly and defendants FAVIO QUIZHPI and SALVATORE MELORE enter the fourth floor from the stairway and run towards PARTLOW.

15. QUIZHPI and MELORE approached PARTLOW and shouted, in sum and substance, show us your hands.

16. PARTLOW complied with the defendants' orders, displayed his hands to the defendants and stated, "What did I do?"

17. MELORE suddenly and forcefully grabbed PARTLOW and slammed him into the door of Apartment 4A.

18. MELORE then, without justification, punched PARTLOW below his right eye.

19. MELORE, QUIZHPI, and approximately two other officers then grabbed PARTLOW, slammed him to the floor and handcuffed him despite lacking probable cause to believe PARTLOW had committed any crime or offense.

20. As a result of MELORE'S unjustified and brutal assault of PARTLOW,

3

PARTLOW's eye and cheek were swollen and bleeding.

21. While PARTLOW was handcuffed in the 4th floor hallway of 701 Gates Avenue, he requested an ambulance and medical attention for his injuries.

22. The defendants ignored PARTLOW'S requests, imprisoned him in an NYPD vehicle, and transported him to the 81st precinct station house.

23. When PARTLOW arrived at the 81st precinct station house, MELORE and QUIZHPI escorted PARTLOW into the precinct through a side door and into a bathroom.

24. MELORE and QUIZHPI then removed PARTLOW's handcuffs and ordered him to remove all of his clothing. PARTLOW complied with the defendants' orders and removed all of his clothing.

25. While PARTLOW was entirely disrobed, MELORE and QUIZHPI ordered PARTLOW to lift his genitals, spread his buttocks, squat and cough. PARTLOW complied with the defendants' orders and lifted his genitals, spread his buttocks, squatted and coughed.

26. Thereafter, the defendants imprisoned PARTLOW in a holding cell.

27. Upon information and belief, after arresting PARTLOW, the defendants, having no basis whatsoever to charge PARTLOW with any crimes, discovered that on December 1, 2013, more than three months prior to the incident, Ms. Lucas had made a complaint at the 81st Precinct that PARTLOW had damaged her laptop computer. As a result, PARTLOW was charged with Criminal Mischief, Menacing, and Harassment for the complaint arising on December 1, 2013.

28. As of March 16, 2014, Ms. Lucas had reconciled with PARTLOW and did not wish to proceed with her December 1, 2013 complaint.

29. At approximately 7:00 a.m., on March 17, 2014, PARTLOW was transported to

Kings County central booking.

30. While in central booking, an EMT cleaned and bandaged PARTLOW'S wound.

31. PARTLOW was thereafter arraigned under docket number 2014KN019075 and charged with Criminal Mischief in the Fourth Degree, Menacing in the Third Degree, and Harassment in the Second Degree, said charges were all associated with the aforementioned December 1, 2013 complaint.

32. PARTLOW was not charged with any crimes that allegedly occurred on March 16, 2014, when he was approached, assaulted, and unlawfully detained by defendants MELORE and QUIZHPI.

33. PARTLOW was released from custody at approximately 10:30 a.m. on March 18, 2014.

34. Upon his release, PARTLOW sought medical treatment at Interfaith Medical Center, located at 1545 Atlantic Avenue, Brooklyn, NY, where he was diagnosed with a right orbital fracture.

35. On June 23, 2014, the aforementioned criminal charges filed under docket number 2014KN019075 were dismissed and sealed.

36. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees and due to a custom, policy, and/or practice of NYPD officers: subjecting individuals to excessive force; failing to intervene when another officer subjects an individual to excessive force; failing to report another officer's use of excessive force against an individual; failing to properly investigate complaints of excessive force made against NYPD officers by individuals; and subjecting individuals to

unlawful strip searches.

37. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Southern and Eastern Districts of New York as well as in New York State courts. As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims filed with the CITY OF NEW YORK, and complaints filed with the NYPD's Internal Affairs Bureau and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: subject individuals to excessive force; fail to intervene when another officer subjects an individual to excessive force; fail to report another officer's use of excessive force against an individual; fail to properly investigate complaints of excessive force made against NYPD officers by individuals; and subject individuals to unlawful strip searches.

38. Defendant CITY OF NEW YORK is further aware that said improper training, supervision, and practices have often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendant officers in the present case to violate plaintiff's civil rights.

39. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

40. All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

41. All of the aforementioned acts deprived plaintiff CHRISTOPHER PARTLOW of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 as to defendants MELORE and QUIZHPI)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants QUIZHPI and MELORE was excessive, objectively unreasonable and otherwise in violation of plaintiff CHRISTOPHER PARTLOW'S constitutional rights.

48. As a result of the aforementioned conduct of defendants, plaintiff CHRISTOPHER PARTLOW was subjected to excessive force and sustained physical and emotional injuries.

49. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Fourth Amendment Deprivation of Liberty under 42 U.S.C. § 1983
as to defendant MELORE and QUIZHPI)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants MELORE and QUIZHPI detained plaintiff CHRISTOPHER PARTLOW against his will and subjected him to physical restraints without probable cause from the time the defendants handcuffed and detained him without probable cause on March 16, 2014, at approximately 8:30 p.m., to the time thereafter when the defendants discovered the open December 1, 2013 complaint against plaintiff.

52. Defendants caused plaintiff CHRISTOPHER PARTLOW to be deprived of his liberty.

53. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983 as to defendants MELORE and QUIZHPI)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants QUIZHPI and MELORE strip searched plaintiff CHRISTOPHER PARTLOW in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

56. Defendants thereby caused plaintiff CHRISTOPHER PARTLOW to be deprived of her right to be free from unlawful strip searches.

57. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 as to defendant QUIZHPI)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendant QUIZHPI had an affirmative duty to intervene when defendant MELORE subjected plaintiff CHRISTOPHER PARTLOW to excessive force.

60. Defendant QUIZHPI failed to intervene to prevent the unlawful conduct described herein.

61. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW was subjected

to excessive force.

62. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: subjecting individuals to excessive force, including, without limitation, unnecessary facial strikes; subjecting individuals to strip searches in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched; failing to intervene when another officer subjects an individual to excessive force; failing to report another officer's use of excessive force against an individual; failing to properly investigate complaints of excessive force made against NYPD officers by individuals; and inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CHRISTOPHER PARTLOW'S rights as described herein.

66. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen,

train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTOPHER PARTLOW.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTOPHER PARTLOW as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHRISTOPHER PARTLOW as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CHRISTOPHER PARTLOW was unlawfully detained and subjected to excessive force.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTOPHER PARTLOW'S constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff CHRISTOPHER PARTLOW of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from unlawful detainment;

      C.      To be free from excessive force;

      D.      To be free from unlawful strip searches; and

      E.      To be free from the failure to intervene.

73. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76. The CITY OF NEW YORK has not made an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. Plaintiff has complied with all conditions precedent to maintaining the instant action.

79. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Assault under the laws of the State of New York
as to defendants CITY OF NEW YORK, MELORE and QUIZHPI)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW was placed in apprehension of imminent harmful and offensive bodily contact.

82.     As a result of defendant's conduct, plaintiff CHRISTOPHER PARTLOW has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83.     As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York
as to defendants CITY OF NEW YORK, MELORE and QUIZHPI)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Defendants made offensive contact with plaintiff without privilege or consent.

86.     As a result of defendant's conduct, plaintiff CHRISTOPHER PARTLOW has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87.     As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York as to defendant CITY OF NEW YORK</u>)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff CHRISTOPHER PARTLOW.

90. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

91. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(<u>Negligent Training and Supervision under the laws of the State of New York as to defendant CITY OF NEW YORK</u>)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff CHRISTOPHER PARTLOW.

94. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Defendant CITY OF NEW 15-34YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12
as to defendant CITY OF NEW YORK, MELORE, and QUIZHPI)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. As a result of defendants' conduct, plaintiff CHRISTOPHER PARTLOW was deprived of his right to security against unreasonable searches, seizures, and interceptions.

100. As a result of the foregoing, plaintiff CHRISTOPHER PARTLOW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHRISTOPHER PARTLOW demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        December 16, 2015

                                            LEVENTHAL LAW GROUP. P.C.
                                            *Attorneys for Plaintiff*
                                            CHRISTOPHER PARTLOW
                                            45 Main Street, Suite 230
                                            Brooklyn, New York 11201
                                            (718) 556-9600

                                            By:   /s _____
                                                    JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CHRISTOPHER PARTLOW,

                                                   Plaintiff,

                                                                                          15 CV 3443 (CBA)(MDG)

       -against-

CITY OF NEW YORK, FAVIO QUIZHPI, Individually, and
SALVATORE MELORE, Individually,

                                                  Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600